IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JUSTICE INFINITE ALLAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.:  2:12-CV-616-TMH |
| | ) | [WO] |
| JUDGE HIGGINS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at Montgomery County Detention Center in Montgomery, Alabama, files this 42 U.S.C. § 1983 action against the Honorable Pamela Higgins, District Judge for the Montgomery County District Court, Lieutenant Trent Beasley of the Montgomery County Sheriff's Department, Wanda Robinson, Director of Detention at the Montgomery County Detention Facility, and the State of Alabama.  Plaintiff brings this action seeking dismissal of an outstanding warrant on pending criminal charges issued against him by the State of Georgia.  Upon review of the complaint, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1]  A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I.  DISCUSSION

Plaintiff complains that during criminal court proceedings held on July 12, 2012, he was not appointed counsel.  Plaintiff fails to provide any details regarding the nature of the criminal proceedings in question but goes on to allege in the complaint that he cannot be extradited for a misdemeanor and that the crime for which he is facing extradition to Georgia is a misdemeanor for which there is no indictment.  Plaintiff contends that Georgia has failed to extradite him on at least five occasions and, therefore, has violated his speedy trial rights. He also asserts that the statute of limitations for his misdemeanor offense has expired. Plaintiff requests that this court dismiss the pending criminal warrant issued against him by the State of Georgia.  Doc. No. 1 at 2-3.

The court notes that Plaintiff's complaint fails to allege involvement in any wrongdoing by the named defendants.  Even if Plaintiff were provided an opportunity to amend his complaint, however, the challenges he presents in the instant complaint are barred under the abstention doctrine of *Younger v. Harris,* 401 U.S. 37, 59 (1971), which establishes that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctions or declaratory relief absent extraordinary circumstances.  *Id.* at 44.  Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, afford an adequate opportunity to raise the federal questions, and if the federal relief sought would interfere in some manner with the state court litigation presented.  *Middlesex Cnty. Ethics*

*Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *Brewsome v. Broward Cnty. Pub. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (per curiam). The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Younger*, 401 U.S. at 43; *see also Herrera v. Safir,* 17 F. App'x 41, 42 (2d Cir. 2001) (holding that the plaintiff's claim to enjoin his criminal prosecution was barred by *Younger* because his state court criminal trial was pending, providing the opportunity to raise his constitutional claims where there was no showing of prosecutorial or judicial bad faith).

A federal court could enjoin a pending state criminal proceeding only if "the danger of irreparable loss is both great and immediate," and only if "the threat to the plaintiff's federally protected rights [is] one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 45-46 (internal citation and quotation marks omitted). To justify federal intervention, Plaintiff "must show manifest bad faith and injury that is great, immediate, irreparable, constituting harassment of the plaintiff in the exercise of his constitutional rights, and result in a deprivation of meaningful access to the state courts." *Allee v. Medrano,* 416 U.S. 802, 836 (1974).

Plaintiff's challenges contained in the complaint run afoul of the *Younger* Abstention doctrine. The abstention doctrine announced in *Younger*, reaffirmed the "strong federal policy against federal-court interference with pending state judicial proceedings." *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 431. The *Younger* Abstention doctrine bars this court from

interfering in the criminal actions pending against Plaintiff.  *See Younger,* 401 U.S. 37; *Wexler v. Lepore,* 385 F.3d 1336, 1339 (11th Cir. 2004) ("As in *Younger* itself, the doctrine usually applies in cases involving criminal prosecution or the criminal justice system."). Plaintiff has not alleged that the pending state court proceedings regarding the charge(s) made the subject of his complaint will not provide him with an adequate opportunity to raise his federal constitutional claims.  Further, Plaintiff has not alleged any prosecutorial or judicial bad faith, nor is any bad faith apparent from the record.

Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the Georgia state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985).  Accordingly, the court finds the *Younger* abstention applies to the claims presented by Plaintiff and this case is, therefore, due to be dismissed.[2]  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii); and

---

[2] Plaintiff previously filed a 28 U.S.C. § 2241 petition with this court asserting a challenge to the arrest warrant issued by a Georgia state court and the criminal charges levied against him by Georgia authorities.  Noting that Plaintiff's current incarceration in Alabama is entirely incidental to any claims asserted by him in his habeas petition inasmuch as his dispute is with the State of Georgia, not the State of Alabama, the court transferred the petition to the United States District Court for the Northern District of Georgia for review and determination. *See Allah v. Douglas Cnty. Dist. Attorney's Office, et al.*, Civil Action No. 2:12-CV-298-WHA (M.D. Ala. 2012).

2.  This case be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before September 4, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 21st day of August, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE